IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARQUIS RAMEY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 20-4576 |
| | : | |
| v. | : | |
| | : | |
| DELAWARE CO. DISTRICT | : | |
| ATTORNEY and DET. QUARTAPELLA | : | |
| DARBY BORO. POLICE DEPT., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                              February 5, 2021

The *pro se* plaintiff, an inmate currently serving a lengthy sentence at a state correctional institution after his convictions for numerous criminal offenses, has applied for leave to proceed *in forma pauperis* and has submitted a complaint under 42 U.S.C. § 1983 in which he alleges that a police detective and assistant district attorney withheld certain evidence in his state criminal case. He seeks to have the evidence turned over to the Innocence Project and the Pennsylvania State Police for DNA analysis. He believes that this DNA examination will demonstrate his actual innocence of the charges for which he was convicted.

Although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court must dismiss the complaint without prejudice because of how the plaintiff has framed his claim. More specifically, the plaintiff's claim implicates *Brady v. Maryland*, which held that the state government violates the Due Process Clause of the Fourteenth Amendment when it "suppress[es] . . . evidence favorable to an accused upon request" if that "evidence is material either to guilt or to punishment." 373 U.S. 83, 87 (1963). If this matter is ultimately resolved in the plaintiff's favor with a determination of a *Brady* violation, it would necessarily imply the invalidity of his

underlying convictions. As such, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), the only way the plaintiff may maintain this action is if his convictions have been overturned or otherwise invalidated. The plaintiff has not included any such allegation in the complaint. In addition, the public records show that his convictions still stand. Accordingly, the court must dismiss this action without prejudice.

## I.     PROCEDURAL HISTORY

The *pro se* plaintiff, Marquis Ramey ("Ramey"), commenced this action by filing a complaint which the clerk of court for the United States District Court for the Middle District of Pennsylvania docketed on September 17, 2020. *See* Doc. Nos. 1–4. On the same date, the Honorable Martin C. Carlson entered a memorandum opinion and order transferring the case to this court. *See* Doc. Nos. 3, 4.

Ramey failed to pay the filing fee or apply for leave to proceed *in forma pauperis*. As such, the court entered an order on September 21, 2020, which, *inter alia*, directed Ramey to either pay the fee or seek leave to proceed *in forma pauperis* within 30 days. Doc. No. 6. On October 19, 2020, the clerk of court docketed a letter from Ramey in which he inquired about the effect of the court granting him leave to proceed *in forma pauperis* on his prisoner trust fund account statement. Ltr., Doc. No. 8. In response to this inquiry, the court entered another order on October 27, 2020, which, *inter alia*, provided Ramey with information relating to his inquiry and granted him an additional period to either pay the fee or request leave to proceed *in forma pauperis*. Oct. 27, 2020 Order at 2–3, Doc. No. 9.

Ramey complied with the court's order by filing an application for leave to proceed *in forma pauperis* ("IFP Application") and prisoner trust fund account statement, which the clerk of

court docketed on November 20, 2020. Doc. Nos. 10, 11. At this point, the IFP Application and

complaint are ripe for review and screening pursuant to 28 U.S.C. 1915.

## II.      DISCUSSION

### A.      The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or
> defense of any suit, action or proceeding, civil or criminal, or appeal therein,
> without prepayment of fees or security therefor, by a person who submits an
> affidavit that includes a statement of all assets such prisoner possesses that the
> person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal
> courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338
> (1989). Specifically, Congress enacted the statute to ensure that administrative
> court costs and filing fees, both of which must be paid by everyone else who files
> a lawsuit, would not prevent indigent persons from pursuing meaningful litigation.
> *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)].  Toward this end, §
> 1915(a) allows a litigant to commence a civil or criminal action in federal court in
> [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things,
> that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct.
> 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote

omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable

to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir.

1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the

litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this

Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must]

review the affiant's financial statement, and, if convinced that he or she is unable to pay the court

3

costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Ramey is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.

**B.    Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915**

Because the court has granted Ramey leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard

used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Attorney Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

## C.    Analysis

In the complaint, Ramey, who is incarcerated at SCI Benner, is asserting claims under 42 U.S.C. § 1983 against the defendants, Thomas Lawrie ("Lawrie"), an assistant district attorney in Delaware County, and Detective Quartapella of the Darby Borough Police Department. Compl. at ECF p. 1, Doc. No. 1. Ramey's claims against the defendants are based on their alleged failure to turn over exculpatory evidence. *Id.* at ECF p. 2. In this regard, while his allegations are brief, Ramey asserts that Lawrie and Detective Quartapella have "withheld exculpatory evidence" demonstrating his "'actual innocence' in the form of DNA testing." *Id.* For relief, Ramey requests that the exculpatory evidence be given to him and the state courts for examination by the "Innocent [sic] Project" and the Pennsylvania State Police. *Id.* at ECF p. 3.

The court notes Ramey's underlying state court criminal proceedings reflect that on August 25, 2014, the Honorable Mary Alice Brennan of the Court of Common Pleas of Delaware County,

5

after a non-jury trial, convicted him of receiving stolen property, loitering and prowling at night, possession of instruments of crime, possession of a firearm, carrying a firearm without a license, and multiple counts of criminal conspiracy. *See* Docket, *Commonwealth v. Ramey*, No. CP-23-CR-1422-2013 (C.P. Del. Cty.) ("Docket"); *Commonwealth v. Ramey*, No. 3513 EDA 2014, 2016 WL 153272, at *1 (Pa. Super. Jan. 13, 2016) (discussing underlying convictions), *petition for allowance of appeal denied*, 145 A.3d 725 (Pa. 2016).[1] On November 12, 2014, Judge Brennan sentenced Ramey to an aggregate term of imprisonment of a minimum of nine years to a maximum of twenty years of state incarceration. *See* Docket; *Ramey*, 2016 WL 153272, at *1. Although Ramey challenged his convictions on direct appeal and state collateral review, his challenges were unsuccessful. *See* Docket; *Commonwealth v. Ramey*, No. 819 EDA 2018, 2019 WL 764540 (Pa. Super. Feb. 21, 2019) (affirming trial court's dismissal of Ramey's first Post Conviction Relief Act ("PCRA") petition); *Commonwealth v. Ramey*, 145 A.3d 725 (Pa. 2016) (denying petition for allowance of appeal from Superior Court's decision affirming judgment of sentence on direct review).

Ramey filed a second PCRA petition that the Delaware County Prothonotary docketed on March 7, 2019. *See* Docket. On March 21, 2019, and most relevant to the instant action, Ramey filed a request for DNA testing pursuant to 42 Pa. C.S. § 9543.1(a)(2), in which he sought DNA testing of the firearms recovered in connection with his arrest. *See id.*; *Commonwealth v. Ramey*, No. 2630 EDA 2019, 2020 WL 1673768, at *1 (Pa. Super. Apr. 6, 2020) (referencing request for DNA testing), *petition for allowance of appeal denied*, 240 A.3d 874 (Pa. 2020). Ramey amended his PCRA petition on April 18, 2019, to include his request for DNA testing. *See* Docket; *Ramey*,

---

[1] "In disposing of a 12(b)(6) motion, in addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint, and items appearing in the record of the case; hence, a court also may consider these items in screening a complaint under the provisions of 28 U.S.C. § 1915." *Wesley v. Varano*, Civ. A. No. 1:12-CV-1131, 2012 WL 2813827, at *1 (M.D. Pa. July 10, 2012) (citations omitted).

2020 WL 1673768, at *1 (referencing amendment). Ramey also submitted an amended request for DNA testing on May 17, 2019. *See* Docket; *Ramey*, 2020 WL 1673768, at *1 (referencing amendment).

The PCRA court denied Ramey's amended request for DNA testing on July 10, 2019, and later denied his second PCRA petition (which included the request for DNA testing) on August 27, 2019.[2] *See* Docket; *Ramey*, 2020 WL 1673768, at *1 (discussing procedural history). Ramey appealed from the denial of his second PCRA petition, and the Superior Court of Pennsylvania affirmed. *Ramey*, 2020 WL 1673768, at *1–3. Ramey filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which the Court denied on October 20, 2020. *Commonwealth v. Ramey*, 240 A.3d 874 (Pa. 2020).

The instant action appears to arise from these recent PCRA proceedings. As noted above, Ramey asserts that the defendants "withheld exculpatory evidence" that would demonstrate his "actual innocence" if subjected to DNA testing. Compl. at ECF p. 2. Having reviewed the PCRA proceedings in detail, and based on the assertions in the complaint, the court understands Ramey to be contending that if the firearms in question were subjected to DNA testing, it would prove that he is actually innocent of the crimes to which he was convicted. As discussed below, Ramey may not proceed with this claim at this time.

Ramey is seeking relief in this case under section 1983. This statute provides in pertinent part as follows:

> Every ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

---

[2] Ramey had also sought reconsideration of the PCRA court's denial of his amended request for DNA testing. *See* Docket; *Ramey*, 2020 WL1673768, at *1 (discussing procedural history). The PCRA court denied this amended request at the same time the court denied the second PCRA petition. *See* Docket; *Ramey*, 2020 WL 1673768, at *1 (referencing denial).

> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added). When attempting to establish a claim under section 1983, a

plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while

acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under

§ 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

United States, and must show that the alleged deprivation was committed by a person acting under

color of state law.").

> In addition, when seeking
>
> to recover damages for allegedly unconstitutional conviction or imprisonment, or
> for other harm caused by actions whose unlawfulness would render a conviction or
> sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order, declared invalid by a
> state tribunal authorized to make such determination, or called into question by a
> federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (citation and internal footnote omitted); *see also*

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred

(absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter

the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)

– if success in that action would necessarily demonstrate the invalidity of confinement or its

duration." (emphasis omitted)). Thus, "[u]nder *Heck*, a § 1983 action that impugns the validity of

the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed

on direct appeal or impaired by collateral proceedings." *Giles v. Davis*, 427 F.3d 197, 208–09 (3d

Cir. 2005).

Here, the court recognizes that Ramey does not appear to be seeking monetary relief in the

complaint. *See* Compl. at ECF p. 3. The court also recognizes that a lawsuit seeking to compel

post-conviction DNA testing can be cognizable in a section 1983 action because "success in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive." *Skinner v. Skinner*, 562 U.S. 521, 525 (2011). Thus, "success in [a] suit for DNA testing would not 'necessarily imply' the invalidity of [a] conviction." *Id.* at 534.

Claims where a plaintiff is challenging the state's statute relating to postconviction DNA testing, are distinguishable from claims based on allegations that the prosecution withheld exculpatory claims in violation of *Brady v. Maryland*, 373 U.S. 83 (1983). In this regard, "[u]nlike DNA testing, which may yield exculpatory, incriminating, or inconclusive results, a *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction: *Brady* evidence is, by definition, always favorable to the defendant and material to his guilt or punishment." *Id.* at 536 (citation omitted). In other words, success on claims that the prosecution withheld exculpatory evidence from a criminal defendant necessarily implies the invalidity of the underlying conviction. *See Dukes v. Pappas*, 405 F. App'x 666, 668–69 (3d Cir. 2010) (per curiam) ("[A] meritorious *Brady* claim, by definition, implies the invalidity of the attendant criminal conviction. [Appellant's] *Brady* claim is therefore barred by the rule of *Heck*[.]" (internal citations omitted)).

Unlike the factual situation in *Skimmer*, where the plaintiff sued under section 1983 by claiming that, *inter alia*, Texas violated his due process rights by refusing to release evidence for DNA testing pursuant to its statute governing postconviction DNA procedures, *see* 562 U.S. at 529, 530, Ramey is basing his claims here on assertions that the defendants have withheld exculpatory evidence from him because the evidence would show his actual innocence. *See* Compl. at ECF p. 2. As such, Ramey's success in this action would necessarily imply the invalidity of his

convictions, which have not been set aside. Accordingly, Ramey's claims are not cognizable in a section 1983 action and the court must dismiss the complaint.

### III.    CONCLUSION

For the foregoing reasons, the court will dismiss the complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). Although the court will not permit Ramey to file an amended complaint in this case, the dismissal of his claims is without prejudice to him filing a new lawsuit in the event his conviction is vacated in the future. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (explaining that district court must dismiss without prejudice claims barred by *Heck*).

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.